UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN KLEINERT,

        Plaintiff,

  v.                                  Case No. 18-C-189

BAY HARBOR CONDOMINIUM
OWNERS ASSOCIATION INC.,

        Defendant.

## DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS

Plaintiff Kevin Kleinert filed this action for copyright infringement against Defendant Bay Harbor Condominium Owners Association Inc.[1] alleging that the Association infringed copyrights held by Kleinert in architectural works that he had created for a condominium development in Ashwaubenon, Wisconsin. Kleinert began developing the property in 2007, but before completing construction, he lost his financing and could not finish the project. Radue Homes Inc. purchased the Bay Harbor property in 2015 and sought to complete the development by utilizing plans identical to Kleinert's copyrighted drawings. Kleinert asserts that the Association "approved of Radue's infringing use of the Copyrighted Drawings and/or has aided, abetted, and benefitted from Radue's infringing use of the Copyrighted Drawings." Am. Compl. ¶ 19, ECF No. 23. Presently before the court is the Association's motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. For the following reasons, the motion will be denied.

---

[1] Although Kleinert originally sued Radue Homes Inc., he has since dismissed his claims against it.

Rule 11 provides that an attorney who presents a pleading to the court, "whether by signing, filing, submitting, or later advocating it," certifies that

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The purpose of Rule 11 is to discourage baseless filings and to "streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). It imposes a set of duties and "provides for an appropriate sanction to be imposed if those duties are violated." *Novoselsky v. Zvunca*, 324 F.R.D. 197, 202 (E.D. Wis. 2017). Sanctions will be imposed "if counsel files a complaint with improper motives or without adequate investigation." *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 721 (7th Cir. 2002) (internal quotation marks and citations omitted).

The Association asserts that plaintiff's counsel violated Rule 11 because she did not properly investigate the facts before filing the amended complaint. In particular, the Association contends that it does not own the property upon which the buildings are being constructed, it does not have a direct financial benefit from the construction of the condominiums, and it does not advertise the buildings on its website. Plaintiff's counsel responds that her pre-suit investigation uncovered materials supporting Kleinert's direct or indirect infringement claims against the Association.

2

As an initial matter, Kleinert asserts that the Condominium Declaration for Bay Harbor Condominium, created in 2007, supports his theory that the Association is responsible for supervising the property and ensuring that the property's use and development comply with all applicable laws, including copyright. While the Association maintains that the Declaration does not give the Association "rampant power as Kleinert suggests," ECF No. 51 at 3, the fact that Kleinert's reading of the Declaration differs from the Association's does not mean his direct infringement claim is frivolous or justify sanctions against him.

Kleinert asserts his indirect infringement claim is based on the Association's direct financial interest in any unlawful use of the copyrighted work through its collection of dues and assessments. An entity is liable for infringement if it receives a direct financial benefit from the ongoing infringement or it induced, caused, or contributed to the infringement of another. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). The Association maintains that Kleinert's claims are baseless because it would collect dues regardless of whether the condominiums were constructed according to Kleinert's plans. Kleinert's theory is that even if the Association would collect dues regardless of the condominium's design, it is the fact that the units for which they are collecting dues were built using the copyrighted drawings that makes the Association vicariously liable for any alleged infringement. Therefore, Kleinert's contention that the Association has a direct benefit from the use of the copyrighted drawings because it collects dues from condominium owners in allegedly infringing units is not frivolous and does not warrant sanctions.

Kleinert also maintains that the Association publishes infringing materials by marketing the property to potential buyers on a website. He contends that a "basic Google search" reveals a

3

webpage for the Bay Harbor Condo Association that displays pictures of buildings based on the copyrighted drawings. ECF No. 41 at 15. Though the Association denies that it owns the website associated with the Google search or a website designed to market the condominiums, Kleinert suggests that additional discovery may reveal facts establishing the Association's attempts to market the infringing material. "If discovery is necessary to establish a claim, then it is not unreasonable to file a complaint so as to obtain the right to conduct that discovery." *Kraemer v. Grant Cty.*, 892 F.2d 686, 690 (7th Cir. 1990). At this stage in the proceedings, Kleinert has demonstrated that his claim based on the Association's marketing activity is not frivolous.

Based upon the record before the court, plaintiff's attorney performed a reasonable investigation into the merit of the claims contained in the amended complaint. The attorney's inquiry was "objectively reasonable under the circumstances of the case." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). The allegations in the complaint are not so obviously frivolous or unreasonable as to warrant sanctions under Rule 11. Accordingly, the Association's motion for sanctions (ECF No. 26) is **DENIED**. Kleinert's request that the court award him costs and fees associated with the Association's motion for sanctions is also **DENIED**.

**SO ORDERED** this   11th   day of December, 2018.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court